UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SUSAN GRILLO,

    Plaintiff,

v.                                                                  Case No.:

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Susan Grillo, by and through undersigned counsel hereby files her Complaint against Defendant, Liberty Life Assurance Company of Boston, and says:

### I. JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Susan Grillo ("Ms. Grillo"), is a resident of Palm Beach County, Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Liberty Life Assurance Company of Boston (hereinafter "LIBERTY" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.    FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, LIBERTY operated under an inherent structural conflict of interest because of LIBERTY's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Grillo was employed with Parexel International Corporate, as a senior consultant. By virtue of her employment at Parexel International Corporate, Ms. Grillo was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term policy was to provide Ms. Grillo a monthly benefit in the event that she became disabled.

7. The long-term policy defined Disability, in pertinent part, as follows:

*"Disability" or "Disabled" means:*

- *For persons other than pilots, co-pilots and crewmembers of an aircraft; during the Elimination Period and until the Covered Person reaches the end of the Maximum Benefits Period, as a result of an Injury or Sickness, he is unable to perform the Material Substantial Duties of his Own Occupation.*

8. Ms. Grillo suffers from multiple medical conditions and symptoms, including, but not limited to: bi-polar disorder, major depressive, generalized anxiety disorder, social anxiety, paranoia, insomnia and excessive sleeping.

9. Ms. Grillo has been unable to earn more than 80% of her Predisability Earnings at her own occupation, and earn 60% of her Predisability earnings in any other occupation, at all times material to this claim; she is disabled under the terms of the long-term policy.

10. Ms. Grillo was forced to discontinue working on March 4, 2014 due to her disabling condition.

11. In accordance with the procedures set forth by the long-term policy, Ms. Grillo notified Defendant that she was disabled.

12. Defendant denied Ms. Grillo's long-term disability benefits in a letter dated December 19, 2014.

13. Ms. Grillo timely appealed Defendant's decision to deny her long-term disability benefits.

14. Defendant, once again, denied Ms. Grillo's appeal for long-term disability benefits. Defendant communicated its decision via letter dated September 9, 2015.

15. Ms. Grillo exhausted her appeals under ERISA.

16. In denying Ms. Grillo's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

17. The denial of Ms. Grillo's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

18. The denial of Ms. Grillo's disability benefits breached the fiduciary duties owed to Ms. Grillo under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Grillo as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

21. Defendant has refused to pay the benefits sought by Ms. Grillo, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

24. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

25. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Susan Grillo, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this __7th__ day of October 2015.*

BY: _/s/ Edward Dabdoub_
Edward Philip Dabdoub (FBN. 45685)
Eddie@miamidisabilitylawyers.com
Geannina Burgos (FBN. 113242)
nina@miamidisabiiltylawyers.com
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd.
Suite 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Susan Grillo*